UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
**63RD STREET REALTY II LLC**,

                      Plaintiff,

          – against –

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**,

                     Defendant.
------------------------------------------------------------- X

**ORDER**

22-CV-973 (AMD) (JAM)

**ANN M. DONNELLY**, United States District Judge:

      Before the Court are the parties' motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF Nos. 15, 20.) The parties initially disputed whether the defendant has a duty to defend or indemnify the plaintiff against a personal injury lawsuit in the New York Supreme Court, Kings County. However, the parties now agree that the resolution of issues in the state action supports summary judgment in the defendant's favor under the doctrine of collateral estoppel. The only remaining disputes are whether the case should be dismissed with or without prejudice and whether the plaintiff may move for reconsideration under Federal Rule of Civil Procedure 60(b) if the state court decision is vacated or reversed on appeal. (ECF No. 24 at 3, ECF No. 26 at 2, ECF No. 27 at 1–2.)

      In arguing that dismissal of the complaint with prejudice is appropriate, the defendant cites cases in which courts dismissed claims with prejudice based on the doctrine of collateral estoppel. (ECF No. 26 at 2.) The plaintiff contends that these cases are distinguishable because they involved "*pro se* plaintiffs and the need to put a stop to futile pleading and re-pleading."

(ECF No. 27 at 1.)  However, the plaintiff cites no authority for the proposition that dismissing a case on collateral estoppel should be without prejudice.  Because the plaintiff's claims are dismissed based on collateral estoppel, the complaint is dismissed in its entirety with prejudice.  *See TLM Suffolk Enterprises, Inc. v. Town of Brookhaven*, No. 20-CV-2548, 2023 WL 6292530, at *12 (E.D.N.Y. Sept. 27, 2023) (dismissing the corporate plaintiff's claims "with prejudice based on res judicata and collateral estoppel"); *W & D Imports, Inc. v. Lia*, No. 11-CV-4144, 2013 WL 1750892, at *12 (E.D.N.Y. Apr. 22, 2013), *aff'd*, 563 F. App'x 19 (2d Cir. 2014) ("[Car dealership p]laintiffs' claims against [car manufacturer] are barred by the doctrine of collateral estoppel and are dismissed with prejudice.").

The defendant argues that the plaintiff should not be able to seek relief pursuant to Rule 60(b) if the state court decision is vacated or reversed on appeal, because "case law provides for preclusive effect with prejudice."  (ECF No. 26 at 2 (emphasis omitted).)  Under Rule 60(b)(5), a party may seek relief "from a final judgment, order, or proceeding" if "the judgment . . . is based on an earlier judgment that has been reversed or vacated."  Fed. R. Civ. P. 60(b)(5).  The plaintiff does not need permission to file a Rule 60(b) motion, and the Court makes no judgment at this stage whether it would be successful, except to note that there is some authority that shows a Rule 60(b)(5) motion may be available where the judgment to be reconsidered is a dismissal with prejudice based on collateral estoppel.  *See Licci v. Lebanese Canadian Bank, SAL*, No. 08-CV-7253, 2018 WL 5090972, at *1 (S.D.N.Y. Oct. 3, 2018) (granting Rule 60(b)(5) motion for reconsideration of order dismissing federal Anti-Terrorism Act claims with prejudice based on collateral estoppel, given reversal of earlier judgment on which the grounds of collateral estoppel were based); 11 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2863 (3d ed. 2024) (observing that, for the purpose of a Rule 60(b)(5) motion based on an

earlier judgment that has been reversed or vacated, the "present judgment [must be] based on the prior judgment in the sense of claim or issue preclusion").

## CONCLUSION

For these reasons, the defendant's motion for summary judgment is granted, and the plaintiff's cross-motion for summary judgment is denied. The plaintiff's complaint is dismissed in its entirety with prejudice based on collateral estoppel. The defendant has no obligation to defend or indemnify the plaintiff in connection with the action captioned *Ramon Rijo v. 63rd Street Realty II, et al.*, in the Supreme Court of the State of New York, County of Kings (Index No. 521342/2016). The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
       August 28, 2024